IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LA'MONT COFFEE,<br><br>    Plaintiff,<br><br>  vs.<br><br>S.K. SISTO, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-07-1556-LEW-CMK-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on July 19, 2007.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff names as defendants: Sisto, Rodriguez, Schwanke, Vela, Babcock, Johns, Cervantes, Coriosos.  Plaintiff's alleged Eighth Amendment violations arose from being placed in a holding cell for one hour by defendant Rodriguez after acting disrespectfully.  Plaintiff allegedly informed defendant Rodriguez that he had a medical chrono which stated he was not to stand for extended periods of time, not longer than fifteen minutes.  Plaintiff claims defendant's actions in having him stand for an hour resulted in swelling of his knee causing him pain.

Specifically, plaintiff claims:

> Plaintiff, bring claim against defendant G. Rodriguez for the intentional and delibert [sic] efforts to abuse plaintiff by placing him in restraints and forceing [sic] him into the small holding cage which cause injury and where defendant had been made aware of plaintiff's medical condition.  Further, for negligence in following procedure and policies of the CCR 15 which is law.

Complaint at 10.

Plaintiff's claims regarding the other defendants named in his complaint center around the handling of his grievance filed in regards to the actions of Rodriguez, and for the supervision of Rodriguez.  He also makes a statement that his First Amendment rights were violated through retaliation and coercion for exercising his rights to file a grievance against Rodriguez.

## II.  DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner are confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them.  See id.   When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges that defendant Rodriguez's actions resulted in injury to his knee as evidenced by swelling and need for medical attention.  He also claims that he informed defendant Rodriguez that he had a medical chrono restricting his standing.  However, plaintiff fails to show that defendant Rodriguez knew that ordering plaintiff to stand for longer than fifteen minutes would result in serious injury.  In fact, plaintiff fails to allege he sustained a serious injury as a result of defendant Rodriguez's order.  He therefore fails to state a cognizable claim against defendant Rodriguez.  As plaintiff's claims against all other defendants rely on his claims against defendant Rodriguez, plaintiff fails to state a cognizable claim against any of the defendants named in his complaint.  In addition, plaintiff fails to allege any causal link between the supervisory defendants and the claimed constitutional violation.

Finally, plaintiff fails to specify any action by any defendant that could be considered retaliatory and in violation of his First amendment rights.  Prisoners retain a First Amendment right to petition the government through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must allege that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must allege a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also allege that his constitutional right was actually chilled by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).  Thus, the prisoner plaintiff must allege the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action actually chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).   Here, the only facts plaintiff alleges in regards to retaliation is a dely in processing his inmate grievance.  He does not make any allegation that the prison officials took adverse action against him because he engaged in protected conduct, or that the adverse action actually chilled his rights.  Therefore, he fails to state a cognizable first amendment violation claim.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

      Based on the foregoing, the undersigned recommends that this case be dismissed for failure to state a cognizable claim..

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 1, 2007

                                                    **CRAIG M. KELLISON**
                                                   UNITED STATES MAGISTRATE JUDGE